**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4185**

_____

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

RODNEY BURRELL,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    James C. Dever III, District Judge. (5:10-cr-00056-D-1)

_____

Submitted:  November 3, 2011        Decided:  November 29, 2011

_____

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

_____

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

_____

Christopher R. Pudelski, LAW OFFICES OF CHRISTOPHER R. PUDELSKI, Washington, D.C., for Appellant.    Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Burrell was convicted following his guilty plea to possession with intent to distribute five grams or more of cocaine base and aiding and abetting another in the same, in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006). At sentencing, Burrell asserted that his prior North Carolina conviction for possession with intent to sell and deliver marijuana ("marijuana conviction") did not qualify as a felony controlled substance offense, as required for the career offender enhancement, U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010), because his sentence for that conviction did not exceed twelve months' imprisonment.[1] The district court denied the objection, relying on United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), classified Burrell a career offender, and sentenced Burrell to 300 months' imprisonment. Burrell timely appealed.

In his opening brief, Burrell reasserted the argument that his North Carolina marijuana conviction was not punishable by imprisonment for a term exceeding one year and, thus, that the conviction could not serve as a predicate for the career

---

[1] There is no dispute that Burrell's North Carolina conviction for voluntary manslaughter, for which Burrell received a thirty-eight to fifty-five month sentence, qualified as a predicate felony crime of violence for purposes of the career offender designation.

2

offender enhancement. After briefing was completed, Burrell filed a motion to vacate his sentence and to remand this case to the district court for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The Government consents to the remand. We grant the motion to remand, vacate Burrell's sentence, and remand this case to the district court for resentencing. Further, we affirm Burrell's conviction, which is not challenged on appeal.

Burrell's prior North Carolina conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting out minimum and maximum sentences applicable under North Carolina's structured sentencing scheme). When Burrell raised this argument in the district court, it was foreclosed by our decision in Harp. Subsequently, however, we overruled Harp with our en banc decision in Simmons, in which we sustained a similar argument in favor of the defendant. See Simmons, 649 F.3d at 241, 246-47. In view of our holding in Simmons, we grant the motion to remand, vacate Burrell's sentence,[2] and remand this

_____

[2] We of course fault neither the Government nor the district court for relying on, and applying, unambiguous circuit authority at the time of Burrell's sentencing.

3

case to the district court for resentencing.[3]  Finally, we affirm Burrell's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[3]  Burrell also asserts that he should be resentenced in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (codified in scattered sections of 21 U.S.C.).  Because we are remanding this case for resentencing in light of Simmons, we decline to address this issue, leaving it instead for the district court to consider in the first instance.